IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ________________

ROYAL CARIBBEAN CRUISES LTD,

Petitioner/Movant,

v.

LANCE SOSKIN,

Respondent.
_________________________/

**PETITION AND MOTION TO CONFIRM AND ENFORCE ARBITRAL AWARD WITH INTEGRATED MEMORANDUM OF LAW**

Petitioner/Movant Royal Caribbean Cruises Ltd. ("RCL"), by and through undersigned counsel, submit its Petition and Motion to Confirm and Enforce Arbitral Award against Respondent Lance Soskin with integrated Memorandum of Law, and state:

**Nature of the Action**

1. This action is brought under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 330 U.N.T.S. 38; 21 U.S.T. 2517, and its implementing legislation, codified at 9 U.S.C. § 201 *et seq.*, in connection with RCL's petition and motion to confirm and enforce a foreign arbitral award.

2. The arbitral award at issue ("Arbitral Award") is a final, non-domestic international commercial arbitration award made on December 26, 2016, in an

arbitration proceeding seated in Miami, Florida and administered by the National Arbitration and Mediation and conducted under comprehensive dispute resolution rules and procedures. (Ex. "A," Arbitral Award). The Arbitral Award was rendered for RCL and against Soskin. (*Id.*).

**Parties**

3. Mr. Soskin is a citizen of Canada.

4. At all times material, RCL was a foreign corporation duly organized and existing under the laws of Liberia.

**Jurisdiction and Venue**

5. This Court has subject-matter jurisdiction over this action under 9 U.S.C. § 203 and 28 U.S.C. § 1331. *See also Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (the New York Convention "creates original federal subject-matter jurisdiction over any action arising under the Convention").

6. Venue is proper under 9 U.S.C. § 204 because the place designated in the agreement as the place of arbitration is Miami, Florida, and the Arbitral Award was made in this district. (Ex. "B," Cruise/Cruisetour Ticket Contract at ¶10).

7. This Court has personal jurisdiction over Soskin under (a) Federal Rule of Civil Procedure 4(k)(2); and (b) Florida Statute § 48.193 in that, among other things, this case stems from a commercial arbitration that already occurred in Miami, by agreement of the parties, in which Soskin actively participated. Mr. Soskin contractually agreed to arbitrate in Miami, and in fact voluntarily initiated

and carried out an entire arbitration proceeding in the State of Florida to recover what he claimed he was entitled to. Accordingly, Soskin has operated, conducted, engaged in, or carried on a business or business venture in Florida. In addition, Soskin has failed to perform under his obligation under the Arbitral Award and has breached a contract in the State.

## Background

### I. Arbitrability of Soskin's Claims and the Arbitration Clause

8. Mr. Soskin was a passenger aboard RCL's vessel. Before boarding the vessel, Soskin agreed to arbitrate all claims other than for personal injury, illness, or death as part of the cruise ticket contract. (Ex. "B," Cruise/Cruisetour Ticket Contract at ¶10). As Soskin's claims were solely for economic loss and not for personal injury, illness, or death, his claims were clearly subject to arbitration. (*See id.*).

### II. The Arbitration Proceeding

9. The arbitration proceeding was commenced on July 27, 2016, by Soskin's filing of his Demand for Arbitration claiming that he suffered damages because of statements RCL's employee's had made about him while on a cruise sponsored by his employer. (Ex. "C," Demand for Arbitration/Arbitration Notice).

10. The parties selected the Honorable Michael Kavanagh ("Arbitrator") as the sole arbitrator.

11. The parties engaged in extensive motion practice during which the Arbitrator granted Soskin's motion that Florida law be used to interpret the parties contract and governed the procedure to be employed in the arbitration proceeding.

12. A scheduling order was issued, preliminary motions were made and limited discovery was ordered. Pre-hearing memoranda were filed by both sides.

13. An arbitration hearing was held from December 19, 2016, through December 20, 2016, before the Arbitrator during which certain stipulations were entered by the parties, exhibits were entered into evidence and witnesses testified under oath.

14. On December 26, 2016, the Arbitrator delivered his Arbitration Award. (Ex. "A," Arbitral Award). He dismissed Soskin's claims with prejudice and held that given the frivolous nature of the claims, Soskin had to reimburse RCL 50% of the costs it incurred including legal fees and costs. (*Id.*). Thereafter, on March 7, 2017, the Arbitrator entered an Order awarding RCL $23,466.44 in fees and costs, (Ex. "D," Arbitrator's Order) and on March 18, 2017, the Arbitrator entered a Final Judgment for that amount (and bearing interest at 4.97%). (Ex. "E," Final Judgment).

**Claim for Relief**
**(Recognition and Enforcement of Foreign Arbitral Award)**

15. RCL repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. Mr. Soskin commenced the arbitration proceedings, and the arbitration proceeding was held under the arbitration clause in the cruise ticket contract. (Ex.

"B," Cruise/Cruisetour Ticket Contract at ¶10 and Ex. "C," Demand for Arbitration/Arbitration Notice).

17. On December 26, 2016, the Arbitrator rendered his Arbitral Award in RCL's favor and against Soskin. (Ex. "A," Arbitral Award).

18. The Award is final and binding—the Award clearly falls under the terms of the New York Convention.[1]

19. The Award had not been set aside. However, Soskin has not paid the amounts due under the Arbitral Award and has refused to commit to pay those amounts.

20. Pursuant to Article IV of the New York Convention and 9 U.S.C. § 207, any party to the arbitration proceeding may seek confirmation and enforcement of the arbitral award within three years after the award was made.

21. Three years have not passed since the Arbitral Award was made on December 26, 2016.

22. In keeping with the strong federal policy favoring arbitration, the enforcement of an arbitration award under the New York Convention is a summary procedure. *See Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) ("[c]onfirmation

---

[1] The New York Convention applies to "all arbitral award[s] arising out of a legal relationship, whether contractual or not, which is considered commercial [except that] a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention." 9 U.S.C. § 202. "[A]n arbitral award made in the United States, under American law, falls within the purview of the New York Convention—and is thus governed by Chapter 2 of the FAA—when [at least] one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States." *Industrial Risk*, 141 F.3d at 1440–41. The New York Convention thus applies here because Soskin is domiciled outside of the U.S.

under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm").

23. Title 9 U.S.C. § 207 provides that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." Under the Convention, the showing required to avoid summary confirmation is high, *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987), and the burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation. *See Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 336 (5th Cir. 1976)[2]. The proponent of the award establishes a *prima facie* case for confirmation of the award by providing a certified copy of the award and the arbitration agreement. *See Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n.3 (11th Cir. 2004).

24. None of the grounds for refusal or deferral or recognition or enforcement of the Arbitral Award specified in the New York Convention are present.

25. RCL notes that Soskin has filed a Motion to Vacate in the Florida's state court system. RCL will timely remove the state court action and will file a Memorandum in Opposition to the Motion to Vacate in this Court.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

26. RCL further respectfully demands the recovery of reasonable attorneys' fees incurred by undersigned counsel for their efforts in enforcing the Arbitral Award.

27. In sum, the Arbitral Award was, by contract, to be the end of the parties' dispute. Mr. Soskin gets no appeal. That is one of the benefits of arbitration—finality. This principle is even more significant in the context of international arbitration. The grounds for a Court to deny confirmation and enforcement of an arbitral award subject to the New York Convention are extremely narrow; no such grounds exist here. RCL's motion accordingly should be granted.

**WHEREFORE,**

RCL prays this Court:

(i.) Confirm and enforce the Arbitral Award (Ex. "A") in the U.S. as a Judgment of this Court;

(ii.) Award RCL all amounts awarded to it in the Arbitral Award as described in paragraph 14 (*see* Ex. "A," Arbitral Award, Ex. "D," Arbitrator's Order and Ex. "E," Final Judgment), with interest at the rate set forth in the Final Judgment (Ex. "E");

(iii.) Retain jurisdiction over this matter through the entry of any judgment and issue all orders necessary for RCL to enforce its Judgment against Soskin;

(iv.) Award attorneys' fees incurred with the enforcement of the Arbitral Award; and

(v.) Order such other and further relief as it may deem just and proper.

Dated: May 4, 2017

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Michael J. Dono, Esq.
Florida Bar No. 576492
mdono@hamiltonmillerlaw.com
Gilda M. Chavez, Esq.
Florida Bar No. 973173
gchavez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: 305-379-3686
Facsimile: 305-379-3690
Attorneys for Petitioner/Movant